### MAAS v. FAUSER (two cases).

#### (Supreme Court, Appellate Term. October, 1901.)

VEHICLES—COLLISION—AVOIDANCE—DEGREE OF CARE REQUIRED—UNAVOIDABLE ACCIDENT—LIABILITY.

The driver of a vehicle, who, to avoid colliding with a passing car, suddenly stopped before a vehicle which he had just passed, was bound to use the care called for from a man of ordinary intelligence in such a situation, and if, to avoid the car, he chose the chance of escaping the vehicle in the rear, which thereupon unavoidably collided with his own, the driver of the latter is not liable for the resulting injuries.

Appeals from municipal court, borough of Manhattan, Fourth district.

Actions by Elizabeth and Louis Maas, respectively, against Bernhard Fauser for personal injuries. From judgments for defendant in both cases, plaintiffs appeal. Affirmed.

Argued before McADAM, P. J., and MacLEAN and SCOTT, JJ.

Gustavus A. Rogers, for appellants.

Petrasch & Burnet, for respondent.

MacLEAN, J. Witnesses for all parties say that the vehicle in which were the plaintiffs was proceeding from the ferry house on the Brooklyn side of the East river, when it was stopped to avoid a passing car, and that the left-hand wheel of the Maas vehicle was struck by the right front wheel of the wagon of the defendant, who was driving behind, causing some damage. It was Mr. Maas' duty to give that attention to the situation in which he found himself and his wife that might be called for from a man of ordinary intelligence. Adolph v. Railroad Co., 76 N. Y. 538. When he decided suddenly to stop to escape the car in front, he was bound to remember that there was coming behind the horse and wagon which he had just passed, apparently on the whip hand, the wrong side. He chose the chance of escaping what might happen at his back before the certainty of running into danger in front. From the defendant's story, the accident well

may have been unavoidable by him, and, that view having been taken by the learned justice, the judgments are to be affirmed.

Judgments affirmed, with costs. All concur.